**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ‖ | |
| Plaintiff, | ‖ | No. 06-CR-139-LRR |
| vs. | ‖ | **ORDER** |
| JUAN JOSE STEVENS, | ‖ | |
| Defendant. | ‖ | |

_____

*TABLE OF CONTENTS*

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.    RELEVANT PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.   STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

IV.    ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
       A.   Findings of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
       B.   Conclusions of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
            1.   Failure to investigate the criminal history of the informant . . . 6
            2.   Consideration of Defendant's criminal arrest record . . . . . . . 9
            3.   False and misleading criminal history . . . . . . . . . . . . . . . . . 9
       C.   Leon Good Faith Exception . . . . . . . . . . . . . . . . . . . . . . . . . . 11

V.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# I. INTRODUCTION

The matter before the court is Defendant Juan Jose Stevens's Objections ("Objections") (docket no. 51) to the Report and Recommendation (docket no. 47), which recommends the denial of Defendant's Motion to Suppress Search Warrant ("Motion") (docket no. 24).

# II. RELEVANT PROCEDURAL HISTORY

On October 18, 2006, Defendant, Lawrence Stevens and Christina Castillo were charged in a four-count Indictment.

On November 28, 2006, Defendant filed his Motion, seeking the suppression of evidence seized pursuant to the execution of a search warrant at his residence on October 8, 2006. Defendant claims that there was not probable cause for the issuance of the warrant because of inaccurate and incomplete information supplied by the affiant. In his Motion, Defendant also requested that the court hold a *Franks* hearing to determine whether the false information was included in the affidavit in support of the search warrant in reckless disregard for the truth. On December 6, 2006, the government filed a Response to Defendant's Motion ("Resistance") wherein the government admitted that some of the criminal history information in the affidavit for the search warrant was erroneous. On December 11, 2006, United States Chief Magistrate Judge John A. Jarvey held a *Franks* hearing on Defendant's Motion. On December 13, 2006, Magistrate Judge Jarvey filed a Report and Recommendation finding that, although the officer was negligent in his inclusion of certain criminal history in the affidavit in support of the search warrant application, his negligence did not rise to the level of an intentional falsehood or a reckless disregard for the truth. Magistrate Judge Jarvey found that if the erroneous information was excluded from consideration, there was still sufficient probable cause to support issuance of the warrant. Further, Magistrate Judge Jarvey determined that the inclusion of the informant's criminal history was not critical to the finding of probable cause.

Magistrate Judge Jarvey recommended the denial of Defendant's Motion. On December 19, 2006, Defendant filed Objections to the Report and Recommendation. On the same date, the government filed a Response to the Report and Recommendation, in which the government asserted no objection to Magistrate Judge Jarvey's recommendation.

On December 20, 2006, Defendant and Lawrence Stevens were charged in a six-count Superseding Indictment. Count 1 charges that, on or about October 8, 2006, Defendant knowingly and intentionally possessed with the intent to distribute and aided and abetted the possession with intent to distribute 3.85 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, within 1000 feet of a protected location and after previously being convicted of three felony drug offenses, in violation of 21 U.S.C. §§ 841[1], 841(b)(1)(A) and 860 and 18 U.S.C. § 2. Count 2 charges that, on or about October 8, 2006, Defendant knowingly and intentionally possessed with the intent to distribute 322.1 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, within 1000 feet of a protected location and after having previously being convicted of three felony drug offenses, in violation of 21 U.S.C. §§ 841[2], 841(b)(1)(A) and 860. Count 3 charges that, between about July 2006 and October 8, 2006, Defendant and Stevens did knowingly and intentionally combine, conspire, confederate and agree with each other and other persons to distribute and possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, within 1000 feet of a protected location and after being previously convicted of three

---

[1] The Superseding Indictment does not specify in Count 1 whether Defendant is being charged with a violation of 21 U.S.C. § 841(a)(1) or (a)(2), although the caption suggests the intention was to charge under 21 U.S.C. § 841(a)(1).

[2] The Superseding Indictment does not specify in Count 2 whether Defendant is being charged with a violation of 21 U.S.C. § 841(a)(1) or (a)(2), although the caption suggests the intention was to charge under 21 U.S.C. § 841(a)(1).

felony drug offenses, in violation of 21 U.S.C. §§ 846 and 851. Count 3 also contains a forfeiture allegation. Count 4 charges that, between about July 2006 and October 2006, Defendant and Stevens did knowingly and unlawfully combine, conspire, confederate and agree with each other and other persons to commit the following crimes:

> (1) knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, to conduct and attempt to conduct such a financial transaction involving the proceeds of specified unlawful activity with the intent to promote the carrying on of the specified unlawful activity, in violation 18 U.S.C. § 1956(a)(1)(A)(I)[3]; and

> (2) knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, to conduct and attempt to conduct such a financial transaction involving the proceeds of specified unlawful activity knowing the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership and the control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(I)[4],

in violation of 18 U.S.C. § 1956(h). Count 5 charges that, during about July 2006, Defendant traveled in interstate commerce and aided and abetted travel in interstate commerce from Cedar Rapids, Iowa, to Houston, Texas, and from Houston, Texas, to Cedar Rapids, Iowa, with intent to promote, manage, establish and carry on and to facilitate the promotion, management, establishment and carrying on of an unlawful

---

[3] The Superseding Indictment refers to 18 U.S.C. § 1956(a)(1)(A)(I). Based on the description of the charge, the court assumes that Count 4 charges Defendant with a violation of 18 U.S.C. § 1956(a)(1)(A)(I).

[4] The Superseding Indictment refers to 18 U.S.C. § 1956(a)(1)(B)(I). Based on the description of the charge, the court assumes that Count 4 charges Defendant with a violation of 18 U.S.C. § 1956(a)(1)(B)(I).

activity, said unlawful activity being a business enterprise involving controlled substance distribution, possession with intent to distribute, and conspiracy to distribute and possess with intent to distribute, in violation of 21 U.S.C. §§ 841 and 846, and, thereafter, did perform and attempt to perform acts to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of said unlawful activity, all in violation of 18 U.S.C. §§ 2 and 1952(a)(3). Count 5 also includes a forfeiture allegation. Count 6 charges that, on or about October 8, 2006, Defendant unlawfully possessed ammunition after being previously convicted of three felonies, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Count 6 includes a forfeiture allegation.

### III. STANDARD OF REVIEW

The district court judge is required to make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which a movant objects. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). The district court judge may accept, reject or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); *see also United States v. Trice*, 864 F.2d 1421, 1424 (8th Cir. 1988). Defendant made specific, timely objections to the Report and Recommendation. Therefore, *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made" is required. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) (requiring *de novo* review of a magistrate judge's report and recommendation on dispositive motions).

## IV. ANALYSIS

### A. Findings of Facts

Neither party objects to the findings of facts in the Report and Recommendation. After a *de novo* review of the record, the court adopts Magistrate Judge Jarvey's findings of facts in the Report and Recommendation.

### B. Conclusions of Law

In his Objections, Defendant asserts Magistrate Judge Jarvey's legal conclusions in the Report and Recommendation are erroneous. Defendant did not file a brief in support of his objections and basically reiterates the arguments made in the motion to suppress. *See* L.R. 7.1(d) (requiring that, upon filing a motion, a moving party must file a "brief containing a statement of grounds for the motion and citations to the authorities upon which the moving party relies," except when filing certain types of motions). Specifically, Defendant disagrees with Magistrate Judge Jarvey's conclusions that rejected Defendant's following arguments: (1) the officers who sought the search warrant improperly failed to investigate the criminal history of the informant; (2) the state magistrate who issued the warrant (the "warrant magistrate") improperly considered an arrest record instead of a conviction record when evaluating the probable cause to issue the warrant; and (3) Officer Matthew Denlinger of the Cedar Rapids Police Department recklessly disregarded the truth and provided the warrant magistrate a false and misleading criminal history. These objections will be addressed in turn.

#### 1. Failure to investigate the criminal history of the informant

Defendant claims that because the officers failed to investigate the criminal history of the informant, Monica Sanchez, and include her criminal history in the search warrant affidavit the search warrant lacked sufficient probable cause.[5] There is no per se

---

[5] Defendant does not assert that the failure to include Ms. Sanchez's criminal
(continued...)

requirement that an officer investigate the criminal history of a person providing information in support of a search warrant. "Probable cause for the issuance of a warrant exists if there is a 'fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Allen*, 297 F.3d 790, 794 (8th Cir. 2002) (citing *Gates*, 462 U.S. at 238). The warrant magistrate evaluates all of the facts in the warrant application, presented as a whole, to determine if probable cause exists to issue a warrant. *Id.* (citing *United States v. Morales*, 923 F.2d 621, 623-24 (8th Cir. 1991).

On its face, Officer Denlinger's application for a search warrant for 527 2nd Avenue, SW Apartment A, Cedar Rapids, Iowa, Defendant's residence, provided the warrant magistrate with probable cause to believe that cocaine would be found there. In the affidavit, Officer Denlinger explained that, on October 8, 2006, at approximately 7:00 p.m., he was informed by another officer that Ms. Sanchez, Defendant's daughter, was at the police department and wanted to report that Defendant had been dealing cocaine. Officer Denlinger interviewed Ms. Sanchez and her half-brother, Michael Pavano. Ms. Sanchez explained that Defendant lived in Apartment A at 527 2nd Avenue, SW and that she lived at the same address in Apartment B. Ms. Sanchez told Officer Denlinger that, on October 7, 2006 at 10:00 p.m., she observed Defendant selling a bag of cocaine to an unknown man in front of the apartment building at 527 2nd Avenue SW. When she questioned Defendant about the transaction, he admitted to selling cocaine. Defendant also took Ms. Sanchez into his apartment and showed her approximately fifty to one-hundred small bags of cocaine which he had concealed in a safe. Mr. Pavano is not related to Defendant and did not live in either apartment. Mr. Pavano told Officer Denlinger that

---

[5](...continued)
history in the search warrant affidavit was a violation of *Franks v. Delaware*, 438 U.S. 154, 171 (1978). However, even if Defendant had raised it as such, the court finds that the omission of Ms. Sanchez's criminal history was not deliberate or in reckless disregard of the truth.

he overheard Defendant telling Ms. Sanchez about selling the cocaine but did not witness Defendant selling the cocaine.

Defendant contends that, "[a]bsent a determination of [Ms. Sanchez's] credibiltiy, no probable cause determination can be made." He claims that because Officer Denlinger did not investigate Ms. Sanchez's background or criminal history, the information provided by her should not have been the basis for Officer Denlinger's warrant application. The truthfulness of an informant can be established by finding that the informant has previously provided truthful information or by finding corroboration. *United States v. Fulgham*, 143 F.3d 399, 401 (8th Cir. 1998) (citing *United States v. Williams*, 10 F.3d 590, 593 (8th Cir. 1993)). "If information from an informant is shown to be reliable because of independent corroboration, then it is a permissible inference that the informant is reliable and that therefore other information that the informant provides, though uncorroborated, is also reliable." *Williams*, 10 F.3d at 593-94 (citing *Illinois v. Gates*, 462 U.S. 213, 233-34 (1983) and *Draper v. United States*, 358 U.S. 307, 313 (1959)). "'It is not necessary to notify the [warrant m]agistrate of an informant's criminal history if the informant's information is at least partly corroborated.'" *United States v. Wold*, 979 F.2d 632, 635 (8th Cir. 1992) (quoting *United States v. Flagg*, 919 F.2d 499, 501 (8th Cir. 1990)).

Ms. Sanchez is Defendant's daughter. Mr. Pavano is Ms. Sanchez's half-brother. As noted by Magistrate Judge Jarvey, it is unusual for family members to go to the police station under these circumstances. Their relationship lends credibility to Ms. Sanchez's statements. The statements of Ms. Sanchez were partially corroborated by Mr. Pavano. The information provided by Mr. Pavano was corroborated by Ms. Sanchez. The information provided by both Ms. Sanchez and Mr. Pavano was corroborated by the Department of Transportation record which indicated that Defendant, in fact, resided at 527 2nd Avenue SW, Apartment A. Defendant's criminal history relating to controlled substances was further corroboration of Ms. Sanchez's statements. There was no error in

failing to investigate the background of Ms. Sanchez, because the information she provided was corroborated and neither Ms. Sanchez nor Mr. Pavano had any obvious reason to provide false information.

### 2.    *Consideration of Defendant's criminal arrest record*

Defendant also asserts that the warrant magistrate should not have been provided with Defendant's criminal *arrest* record but should have only been allowed to consider Defendant's criminal *conviction* record. This assertion is raised for the first time in Defendant's Objections and, therefore, it is not properly before the court for review. Further, even if Defendant had properly asserted this claim in his Motion, the court would find that Officer Denlinger properly submitted Defendant's criminal arrest record to the warrant magistrate. "[D]etermination of probable cause . . . depends on a reading of the affidavit as a whole." *United States v. Singer*, 687 F.2d 1135, 1145 (8th Cir. 1982); *see also United States v. Anderson*, 933 F.2d 612, 614 (8th Cir. 1991) (holding that, because a warrant magistrate does not make a probable cause determination by reviewing a warrant affidavit's paragraphs individually, the affidavit can not be attacked paragraph by paragraph). Defendant has cited no cases which restrict the warrant magistrate from taking Defendant's arrest record into account when he evaluated whether there was probable cause to issue the search warrant. Accordingly, the court denies Defendant's claim that Officer improperly supplied the warrant magistrate with Defendant's arrest record.

### 3.    *False and misleading criminal history*

Defendant claims that Officer Denlinger "recklessly over-stated Defendant's criminal history" in the affidavit supporting the search warrant application and rejects Magistrate Judge Jarvey's finding that the inaccurate criminal history was not supplied in reckless disregard for the truth. Officer Denlinger's affidavit indicates that Defendant has seven narcotics-related arrests, five arrests for assault and four arrests for operating a vehicle while intoxicated. It further provides that Defendant had been charged with

possession of a shotgun as a felon and was previously incarcerated in Texas and Iowa. According to Defendant's criminal history, however, he only has three narcotics-related arrests, three arrests for assault and three arrests for operating a vehicle while intoxicated. Moreover, Defendant has never been charged with possession of a shotgun as a felon nor has he been incarcerated in Iowa. Although Officer Denlinger was negligent, Defendant is unable to show that Officer Denlinger knowingly, intentionally or recklessly included an erroneous criminal history in his affidavit.

An affidavit supporting an application for a search warrant is presumptively valid and "need only show facts sufficient to support a finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 171 (1978); *United States v. Parker*, 836 F.2d 1080, 1083 (8th Cir. 1987) (citing *United States v. Dennis*, 625 F.2d 782, 791 (8th Cir. 1980)). However, a "facially sufficient affidavit . . . may be challenged on the ground that it includes a deliberate or reckless falsehood." *Allen*, 297 F.3d at 795 (citing *Franks*, 438 U.S. at 171). To succeed in a challenge to a search warrant grounded on the argument that the warrant was based on false information in an affidavit, "a defendant must establish by a preponderance of the evidence that the affiant, either knowingly and intentionally, or with reckless disregard for the truth, included a false statement within the warrant affidavit." *United States v. Clapp*, 46 F.3d 795, 799 (8th Cir. 1995) (citing *Franks*, 438 U.S. at 155-56). Once Defendant has met his burden of proof, the court must determine whether, without the false contents of the affidavit, there was sufficient information to establish probable cause. *Id.*

During the Hearing, Officer Denlinger acknowledged that the criminal history he provided in his affidavit to the warrant magistrate was incorrect but explained that he did not intentionally provide false information to obtain the warrant. Officer Denlinger testified that there are no fingerprints or photographs attached to criminal history reports, and, therefore, at 10:00 p.m., when he obtained Defendant's criminal history, there was

no way to verify that the information received was for Defendant or for another person with Defendant's name. Government Exhibit 3, the federal criminal history record, notes that "there is no guarantee that this record relates to the person you are interested in without fingerprint verification (positive fingerprint verification)." Officer Denlinger explained that, because it is "extremely common" for persons in the narcotics trade to have aliases, he may have associated the names of the other persons whose criminal histories he received with aliases for Defendant. Defendant has not shown that Officer Denlinger knowingly, intentionally or with reckless disregard for the truth provided false information to the warrant magistrate.

Even if Officer Denlinger's inclusion of an incorrect criminal history was intentional or reckless, the court finds there was sufficient information in the affidavit to establish probable cause. As explained herein, there was probable cause to issue the warrant to search Defendant's residence and vehicles even with the omission of the inaccuracies concerning Defendant's criminal history from the affidavit. Accordingly, Defendant's Objections to the Report and Recommendation shall be denied.

## C. Leon *Good Faith Exception*

Even if the court determined that probable cause was lacking, the *Leon* good faith exception saves the search warrant. In *United States v. Leon*, 468 U.S. 897 (1984), the United States Supreme Court noted the strong preference for search warrants, and stated that in a doubtful or marginal case, a search pursuant to a warrant may be sustainable where, without one, it would fail. *Id*. at 914 (stating this preference is "effectuated by according 'great deference' to a magistrate's determination"). The Supreme Court devised a broad "good faith" exception to the exclusionary rule where officers reasonably relied upon a warrant. *Id*. at 924. This "reasonable reliance" test is objective: "[O]ur good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's

authorization." *Id.* at 922 n.23. The Supreme Court has identified four narrow instances where the good faith exception would not apply: (1) where the magistrate issuing a warrant is misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth; (2) where the issuing magistrate wholly abandons the judicial role and becomes a "rubber stamp" for the government; (3) where the officer relies on a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) where the warrant is so facially deficient in failing to particularize the place to be searched or the things to be seized that the executing officers cannot reasonably presume it to be valid. *Id.* at 923.

As discussed herein, the court does not find that Officer Denlinger placed false information his affidavit in support of his search warrant application knowingly or with a reckless disregard for the truth. Also, Defendant does not allege that (1) the warrant magistrate abandoned his role as a neutral and detached magistrate; (2) the warrant was based on an insufficient affidavit; or (3) the warrant itself was so facially deficient as to identify the place to be searched or things to be seized. Therefore, it was certainly reasonable for Officer Denlinger and the other officers to rely on the warrant for the requested search. Accordingly, Defendant's Objections to the Report and Recommendation shall be overruled.

## V. CONCLUSION

**IT IS ORDERED:**

(1)     The court **DENIES** Defendant Juan Jose Steven's Motion to Suppress (docket no. 24);

(2)     The court **ADOPTS** Chief Magistrate Judge John A. Jarvey's Report and Recommendation of December 13, 2006 (docket no. 47);

(3)     The court **OVERRULES** Defendant Juan Jose Steven's Objections to Report

and Recommendation (docket no. 51); and

(4)     The period between the filing of Defendant's Motion and this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**DATED** this 25th day of January, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA